*GREEN TREE SERVICING, LLC*
Plaintiff
*vs.*
*Bernice BAHE*
Defendant

In the District Court of the Navajo Nation
Judicial District of Chinle, Arizona

No. CH-OSC-677-04

December 21, 2005

## ORDER TO DISMISS

The above captioned case was originally filed in Crownpoint Judicial District under Docket Number CP-CV-04-196 against Defendants Christy Torres and Bernice Bahe. The petition requested the repossession of a mobile home pursuant to a contract between Christy Torres and Bishop Development, Inc., the seller of the mobile home.

The owner of Bishop Development was Doug Bishop. The same contract created an assignment from the seller to Plaintiff. The only buyer named in the contract was Christy Torres. There is no date anywhere in the contract indicating when it was signed or assigned. Plaintiff alleges the contract (and the court presumes the assignment from seller to Plaintiff as well) was made on or about September 13, 1995. There are no facts or allegations to dispute this.

The case was eventually transferred to Chinle District Court because it was discovered that the property in question was situated in Chinle District and occupied by Defendant. Plaintiff's petition for repossession was filed in this court on November 19, 2004. A hearing was held in this matter on January 7, 2005, concerning a motion to dismiss by Defendant. Both parties are represented by counsel, and briefs were submitted subsequent to the hearing. Following the hearing, the Court also conferred with individuals knowledgeable in Navajo traditions and customs.

Based upon all the arguments presented at the hearing, the evidence submitted to the Court, and the briefs filed in this matter, the Court DISMISSES THIS CASE WITH PREJUDICE. This decision is based upon the following findings of fact and conclusions of law:

1. Defendant Bernice Bahe is not a party to the contract submitted to the Court by Plaintiff.

2. Bishop Development, Inc. gave Defendant a mobile home in 1995. The parties do not dispute that the mobile home given to Defendant is the same mobile home that is the subject of the contract between Plaintiff and Christy Torres. The Court takes judicial notice of a newspaper photograph showing Defendant with Doug Bishop and Ellis Tanner. The caption under the photograph states,

> Bernice Bahe, center, receievs (sic) the keys to her new mobile home that she won as the grand prize at the Native American Appreciation Days Celebration held this past weekend. Left, is Doug Bishop, owner of Bishop Homes, who donated the big prize. Right is Ellis Tanner, who sponsored

the celebration. Bahe, from Rock Point, AZ, says she will have the home moved out there where she will live in it. Behind her are members of her family. The house is worth $35,000 and the drawing was free to enter.

Behind the three individuals in the photograph stands the trailer and next to the trailer a large sign which states, "Native American Appreciation Day, 1995 1st Prize, 3 Bedroom Double Wide Home, presented by Bishop Homes."

3. No evidence or even allegations have been presented that Defendant and Christy Torres had or have any relationship with one another.

4. While Defendant does not deny that she has possession of the home that is the subject of the contract between Plaintiff and Christy Torres, the question of whether she has a rightful claim to this trailer lies in the area of property law, not contract law. Navajo law concerning gifts follows American law: to constitute an inter vivos gift, there must be intent, delivery and vesting of irrevocable title upon such delivery. *Damon v. Damon*, 8 Nav. R. 226, 231 (Nav. Sup. Ct. 2002); *In Re Estate of Nelson*, 1 Nav. R. 162, 165 (Nav. Ct. App. 1977). The photograph shows the first two of these elements: the passing of possession of the mobile home in front of witnesses to Defendant by a handing over of the keys to the trailer.

5. While the gesture of transferring the ownership of the trailer to Defendant of the keys to the trailer may be symbolic, under Navajo traditional law such transfers are binding. No written contract is required. It is similar to the handshake, which his enough under Navajo to constitute a contract. The photograph shows the three individuals holding the keys and passing them to Defendant, and the hands of the three in the picture are placed in such a way that they appear very similar to a handshake.

6. After conferring with individuals knowledgeable in Navajo traditions, the Court learned that traditional Navajo custom does not differ from what the courts have stated are the elements necessary to establish a gift, which gives the receiver of the gift superior claim to possession over all other parties. Once a gift is given, the gift is irrevocable and it belongs to the receiver. Public handing over of a prize is sufficient to show donative intent. The transfer of the keys to the mobile home show delivery.

7. The question remains whether there also was the vesting of irrevocable ownership. A mobile home is personal property and ordinarily ownership is defined through transfer of title as a motor vehicle. *Damon, supra*, at 233. No certificate of title was presented to the Court. However, Defendant lived openly and freely in the trailer for over nine years before her possession was challenged.

8. It appears that Bishop Development, Inc. made two transfers of the mobile home, one as a gift to Defendant and one as a contract assignment to Plaintiff. There is no date upon the contract assignment, so it is impossible

to tell if the sale and/or the assignment were made before or after the gift to Defendant.

9. According to the undisputed allegations of Plaintiff, Christy Torres, the purchaser in the contract, was an employee of Bishop Development, Inc. at the time of the formation of the contract, and that she continued to make payments on the contract for approximately five years. At some point in time, she stopped making payments. On July 12, 2004, Ms. Torres signed a voluntary surrender agreement permitting repossession of the mobile home.

10. The Court concludes that Ms. Torres did not lose any sleep over the surrender of the trailer since she never had actual possession of it. Why she made substantial payments on the mobile home for five years is truly mystifying. She never lived in the trailer, she was not acquainted with Defendant and she did not collect rent or other remuneration from Defendant. Defendant has lived in the trailer with her family since she won it in 1995. No one asked her to pay rent. No one notified her that her ownership of the mobile home was in question until she was served with papers in this matter late in 2004.

11. The contract shows that the contract was assigned to Plaintiff (or at least an entity with a similar name as Plaintiff: "Green Tree Financial Servicing Corporation") by someone identified as "General Manager." The Court cannot decipher the handwriting of the person who made the assignment, but the writing is sufficiently clear to indicate that the signature was not made by Doug Bishop. The Court presumes that Plaintiff recognized the signature of someone who was a valid agent of Bishop Development Inc. before it accepted the assignment.

12. Bishop either assigned the mobile home prior to its giveaway or it assigned it after the giveaway. Either way, the facts suggest some manner of fraud or misrepresentation in the contract assignment. Certainly the fact that a Bishop employee "purchased" the mobile home and made payments on it for five years without ever taking possession of it suggests collusion on her part. However, the Court was not asked to pass judgment on these matters. It only notes them to indicate there was something highly unusual in this particular transaction, and that both Plaintiff and Defendant were innocent parties.

13. There is no indication that Plaintiff had registered notice concerning a certificate of title, claim to title or lien before the giveaway in 1995. There is no indication that Defendant registered title of the mobile home prior to the assignment from Bishop to Green Tree.

14. Defendant has lived in the mobile home from 1995 until the present day. There is no indication that she conspired with Bishop and/or Torres to commit theft or fraud on Plaintiff. There is no indication that she has lived in the mobile home as a result of any conduct other than what she described:

she won it in a public contest, she took it back to her home area and she moved into it with her family.

15. The Supreme Court has noted that the home, the *hooghan*, is more than a dwelling place. *Fort Defiance Housing Corp. v. Lowe*, 8 Nav. R. 463, 473 (Nav. Sup Ct. 2004). It is also the center for Navajo relationships, the place for children to develop an understanding of *k'é*, as well as a spiritual center. *Id.* This was also confirmed by the peacemakers with whom the Court conferred concerning Navajo traditions. They explained that the home is made a special place by the prayers said by the residents, prayers not just for the present for the future and the future generations who will live within it. Defendant after ten years has made the mobile home her *hooghan*, and the Court has not been presented with any evidence that she has acted in any manner that was not deserving of her possession.

16. Plaintiff has no cause of action against Defendant by way of contract law. Defendant is not named as a party or third party beneficiary of the contract. Defendant is not bound by any security agreement signed by Christy Torres. Plaintiff has no superior claim to the mobile home by way of property law. Defendant received the property as a gift and she was justified in her reliance on the gesture by Bishop Development that she was receiving a gift. There is no proof that the assignment to Defendant was made prior to the gift to Defendant. There is no evidence that Plaintiff established any registration or certification that would give legal notice to Defendant that she was accepting her gift under a prior claim. She has lived in the home for many years under the understanding that she owed no obligation to Bishop Development, Inc. or to Plaintiff.

THEREFORE, BASED UPON THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, THE COURT GRANTS DEFENDANT'S MOTION TO DISMISS THIS CASE WITH PREJUDICE.